Richard D. Hoffman - (State Bar No. 76799)
Isabelle L. Ord - (State Bar No. 198224)
Sushila Chanana (State Bar No. 254100)
NIXON PEABODY LLP
One Embarcadero Center, 18th Floor
San Francisco, California 94111-3600
Telephone: (415) 984-8200
Facsimile: (415) 984-8300

Attorneys for Defendants,
MOSES & SINGER, LLP,
a New York Limited Partnership and
STEPHEN N. WEISS, ESQ., an Individual

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

(SAN FRANCISCO DIVISION)

E-PASS TECHNOLOGIES, INC., a Delaware Corporation,

Plaintiff,

vs.

MOSES & SINGER, LLP, a New York Limited Partnership; STEPHEN N. WEISS, ESQ., an Individual; and DOES 1 through 50, Inclusive,

Defendants.

Case No. 3:09-cv-05967-EMC

**NOTICE OF MOTION AND MOTION OF DEFENDANTS MOSES & SINGER, LLP AND STEPHEN N. WEISS, ESQ. TO STAY ACTION PENDING OUTCOME OF STATE COURT APPEAL**

**[Supporting Declaration of Isabelle L. Ord filed herewith]**

Assigned To: The Honorable Magistrate Judge Edward M. Chen

Hearing Date: May 19, 2010
Hearing Time: 10:30 a.m.
Department: 15th Floor, Courtroom C

Trial Date: None Set

## TABLE OF CONTENTS


| | | | Page |
|---|---|---|---|
| I. | INTRODUCTION | | 3 |
| II. | BACKGROUND AND RELEVANT FACTS | | 3 |
| | A. | The State Court Action | 3 |
| | B. | The Federal Court Action | 4 |
| | C. | Defendants' Good Faith Efforts To Meet and Confer To Obtain A Stay | 5 |
| III. | THE FEDERAL COURT ACTION SHOULD BE STAYED UNDER THE *COLORADO RIVER* DOCTRINE | | 6 |
| | A. | The Legal Standard | 6 |
| | B. | Plaintiff's Federal and State Actions are Substantially Similar | 7 |
| | C. | The *Colorado River* Doctrine Factors Favor A Stay of A Federal Action In Deference to State Court Proceedings | 7 |
| | | 1. The Factor "Prevention of Forum Shopping And/Or Avoidance of Adverse Rulings By The State Court" Favors A Stay | 7 |
| | | 2. The Factor "Avoidance of Piecemeal Litigation" Favors A Stay | 9 |
| | | 3. The Factor "Relative Convenience Of The Forums" Favors A Stay | 10 |
| | | 4. The Factor "Order In Which The Actions Were Filed" Favors A Stay | 10 |
| | | 5. The Factor "Question of Whether The State Action Adequately Protects The Parties' Rights" Favors A Stay | 11 |
| | | 6. The Factor "Whether State Or Federal Law Controls" Favors A Stay | 11 |
| | | 7. The Factor "Question of Which Court First Assumed Jurisdiction Over The *Res*" Is Inapplicable | 12 |
| IV. | THE FEDERAL ACTION MAY BE STAYED UNDER THE *YOUNGER* DOCTRINE | | 12 |
| V. | PLAINTIFF'S POSITION ON THE STAY IS NOT TENABLE | | 13 |
| | A. | Plaintiff's Fear A Stay Would Impact The Statute of Limitations Is Unwarranted | 14 |

B. Plaintiff's Fear That Defendants Will Later Deny Federal Court Jurisdiction Is Unwarranted ..... 14

C. Plaintiff Wants To Proceed In Both Actions Simultaneously ..... 15

VI. CONCLUSION ..... 16

# TABLE OF AUTHORITIES


**Page(s)**

**FEDERAL CASES**

*American Int'l Underwriters (Philippines) Inc. v. The Continental Ins. Co.* 843 F.2d 1253 (9th Cir. 1988) .......... 6, 8, 9, 12

*Attwood v. Mendocino Coast Dist. Hosp.* 886 F.2d 241 (9th Cir. 1989) .......... 7, 8, 14

*Christianson v. Colt Indus. Operating Corp.* 486 U.S. 800 (1988) .......... 11

*Colorado River Water Conservation Dist. v. United States* (1976) 424 U.S. 800 .......... passim

*Coopers & Lybrand v. Sun-Diamond Growers of CA* 912 F.2d 1135 (9th Cir. Cal. 1990) .......... 14

*Donovan v. City of Dallas* (1976) 377 U.S. 408 .......... 15

*Fierle v. Jorge Perez, Md., Ltd.* 2009 U.S. App. LEXIS 23771 (9th Cir. 2009) .......... 9, 11

*Fireman's Fund Ins. Co. v. Garamendi* 790 F. Supp. 938 (N.D. Cal. 1992) .......... 7

*Gilbertson v. Albright* 381 F.3d 965 (9th Cir. 2004) .......... 12

*Hirsh v. Justices of Supreme Court of State of Cal.* 67 F.3d 708 (9th Cir. 1995) .......... 12

*Moses H. Cone Memorial Hosp. v. Mercury Constr. Co.* 460 U.S. 1 (1983) .......... 5, 6, 11

*Nakash v. Marciano* 882 F.2d 1411 (9th Cir. 1989) .......... 6, 7, 12

*Pennzoil Co. v. Texaco, Inc.* 481 U.S. 1 (1987) .......... 12, 13

*Ryder Truck Rental, Inc. v. Acton Foodservices Corp.* 554 F.Supp. 277 (C.D. Cal. 1983) .......... 9, 10, 11, 15

*Travelers Casualty and Surety Co. of America. v. Comerica Bank* 2008 U.S. Dist. LEXIS 54306 (E.D. Cal.) .......... 10, 14

*Younger v. Harris* (1971)
401 U.S. 37 .......... 1, 3, 12, 13

**CALIFORNIA CASES**

*Fowler v. Ross* (1983)
142 Cal. App. 3d 472 .......... 15

**OTHER AUTHORITIES**

*Black's Law Dictionary* 452 (6th ed. 1991) .......... 7

## NOTICE OF MOTION AND MOTION

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** at 10:30 a.m. on May 19, 2010, or as soon thereafter as the matter may be heard, in Courtroom C, 15th Floor, located at 450 Golden Gate Avenue, San Francisco, California 94102, defendants Moses & Singer, LLP and Stephen Weiss (collectively "Defendants") will and hereby do move for an order staying this action pending the outcome of the concurrently pending state court appeal by plaintiff E-Pass Technologies, Inc. ("Plaintiff") in California Court of Appeal, First Appellate District, Case No. A127067. Plaintiff's appeal concerns the dismissal by the San Francisco Superior Court of an action asserting the same claims against Defendants as are now alleged in this action. Plaintiff refused to stipulate to a stay of this action because Plaintiff wanted to see how Defendants would respond to the Complaint and Plaintiff was concerned about the impact of a stay on the statute of limitations and other issues. Defendants have now responded to the Complaint and Plaintiff's other concerns are legally unfounded. There is no legitimate reason to litigate the same case in two different courts simultaneously.

Judicial efficiency, fairness to Defendants, and the interests of the state in ruling on the pending state court appeal support a stay of this action under the factors of *Colorado River Water Conservation Dist. v. United States* (1976) 424 U.S. 800 (the "*Colorado River* Doctrine"). In particular, the *Colorado River* factors of (1) prevention of forum shopping and (2) avoidance of piecemeal litigation weigh in favor of a stay. Further, since Plaintiff elected to first bring its claims in the state court, and only filed this action as a repetitive "back-up" action after losing the state court action, Plaintiff's choice of the state court forum should be binding. Additionally, to the extent Plaintiff contends there is an important state interest in proceeding with its state court appeal, then *Younger v. Harris* (1971) 401 U.S. 37 (the "*Younger* Doctrine"), may also apply to stay this action.

This Motion is based on this Notice of Motion, the supporting Memorandum of Points and Authorities and Declaration of Isabelle L. Ord ("Ord Decl.") and all exhibits thereto, the Declaration of Isabelle L. Ord filed in support of Defendants' Motion to Change Time and all exhibits thereto [Dkt. No. 20], all matters of which the Court may take judicial notice, all pleadings, records, and

papers on file in this case, and such oral or documentary evidence as may be presented at the time of hearing.

DATED: April 6, 2010

Respectfully submitted,

NIXON PEABODY LLP

By: /s/ RICHARD D. HOFFMAN
Attorneys for Defendants
MOSES & SINGER, LLP, a New York Limited Partnership; STEPHEN N. WEISS, ESQ., an Individual

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Defendants Moses & Singer and Stephen Weiss ("Defendants") request a stay of this Action while plaintiff E-Pass Technologies, Inc. ("Plaintiff") prosecutes its pending state court appeal of the dismissal with prejudice of an identical action against Defendants in the San Francisco Superior Court. Plaintiff filed this federal court action as a "back up" in an attempt to preserve the statute of limitations should Plaintiff lose its state court appeal. Defendants do not object to the filing of a "back up" action, but Defendants do object to defending against the same claims in two different forums at the same time. There is no reason to prosecute this action while the state court appeal is pending, and doing so would unfairly prejudice Defendants.

Plaintiff has no legitimate objections to staying this action but apparently sees a tactical advantage in prosecuting both the federal court action and the state court appeal simultaneously. The benefit of this strategy to Plaintiff is that as Plaintiff would prosecute both this action and the appeal until Plaintiff decides which forum is more favorable, and then dismiss the other action. The inefficiency and waste of judicial resources and the prejudice to Defendants arising from this strategy, however, supports a stay of this action pending the outcome of the state court appeal. Under *Colorado River Water Conservation Dist. v. United States* (1976) 424 U.S. 800 (the "*Colorado River* Doctrine"), this action should be stayed until Plaintiff abandons the state court appeal or the California Court of Appeal renders its decision. Alternatively, to the extent Plaintiff contends there is an important state interest in prosecuting its appeal in the state court, this action may be stayed under the *Younger v. Harris* (1971) 401 U.S. 37 (the "*Younger* Doctrine"). Any other result will improperly permit Plaintiff to engage in forum shopping, piecemeal litigation, and other inequitable conduct while unfairly forcing Defendants to defend the same action in federal and state court simultaneously.

## II. BACKGROUND AND RELEVANT FACTS

### A. The State Court Action

On January 9, 2009, Plaintiff filed a state court action against Defendants in San Francisco

Superior Court Case No. CGC-09-484009, alleging (1) negligent misrepresentation, (2) breach of fiduciary duty, and (3) professional negligence arising from Defendants' legal representation of Plaintiff in four underlying patent infringement cases. [Dkt. No. 1 (Federal Complaint) and Dkt. Nos. 20-2 and 20-4, (State First Amended Complaint and State Second Amended Complaint, respectively).] Defendants successfully demurred to the First and Second Amended Complaints in the state court action on the ground that the federal court has exclusive jurisdiction of claims that necessarily require the resolution of issues of patent law. [Dkt. Nos. 20-3 and 20-5 (Orders Sustaining Demurrers).] Although Plaintiff was granted leave to amend again, Plaintiff declined to file a Third Amended Complaint and the state court entered judgment in favor of Defendants, dismissing the state court action with prejudice. [Dkt. Nos. 20-1, 20-5, and 20-6 (State Court Docket), (Order Sustaining Demurrer), and (Dismissal With Prejudice), respectively.] Plaintiff then appealed the dismissal in California Court of Appeal Case No. A127067, which is currently pending. [Dkt. Nos. 20-7, 20-8, and 20-1, (Plaintiff's Notice of Appeal), (Clerk's Notice of Appeal), and (State Court Docket), respectively; (Appellate Court Docket) Declaration of Isabelle L. Ord filed herewith ("Ord Decl."), Ex. 1.] Plaintiff must file its Opening Brief in the state court appeal no later than April 17, 2010. [(Court of Appeal Docket and Future Scheduled Actions), Ord Decl., Ex. 1; Court of Appeal Notice, Ord Decl., Ex. 2.]

**B. <u>The Federal Court Action</u>**

On December 21, 2010, Plaintiff filed this federal court action. [Dkt. No. 1 (Federal Complaint).] Plaintiff alleges the same three causes of action against Defendants as in the state court action. [Dkt. Nos. 20-2 and 20-4, (First Amended Complaint) and (Second Amended Complaint), respectively; Dkt. No. 1 (Federal Complaint).] On February 3, 2010, Defendants filed a Motion to Change Time, seeking an extension of time to respond to the Complaint pending the hearing of this Motion. [Dkt. Nos. 19-21.] On February 5, 2010, the Court denied Defendants' Motion to Change Time, but granted a 20 day extension of time to respond to the Complaint. [Dkt. No. 25 (Court's Order).] Defendants timely filed a responsive pleading on February 26, 2010. [Dkt. No. 27 (Response/Answer to Complaint.]

### C. <u>Defendants' Good Faith Efforts To Meet and Confer To Obtain A Stay</u>

Defendants attempted to meet and confer with Plaintiff to obtain a stipulation to stay the federal court action, but Plaintiff refused because Plaintiff wishes to pursue both this federal court action and the state court appeal simultaneously. [Ord Decl., ¶ 12.]

On January 22, 2010, counsel for Defendants initiated a meet and confer discussion and requested a stipulation to stay the federal court action. On January 26, 2010, counsel for Defendants telephoned Plaintiff's counsel to further discuss a stay. Plaintiff's counsel stated that Plaintiff intends to prosecute both the state court appeal and the federal court action simultaneously because the two actions are "independent" and "mutually exclusive." [Ord Decl., ¶ 12.] Plaintiff's counsel then stated that Plaintiff is unwilling to agree to a stipulation because Plaintiff "wants to know [Defendants'] response to the Complaint." [Ord Decl., ¶ 12.]

During this conversation, Defendants' counsel provided citations to *Colorado River Water Conservation Dist.* v. U.S., 424 U.S. 800 (1976), and *Moses H. Cone Memorial Hosp. v. Mercury Constr. Co.,* 460 U.S. 1 (1983), the primary cases establishing the basis for a stay, and explained the legal justification for a stay. Plaintiff's counsel then suggested that Plaintiff might agree to stipulate to stay the federal action in exchange for several major concessions by Defendants, including (1) an agreement not to challenge federal court jurisdiction if the state court appeal is not successful, (2) an agreement not to raise a statute of limitations defense based on a stay, and (3) an agreement confirming the entire action is properly venued in the Northern District of California.

At a follow-up meet and confer discussion on January 29, 2010, Defendants' counsel again asked for a stipulation for a stay. Plaintiff's counsel refused absent the three concessions. [Ord Decl.., ¶ 14.] Defendants' counsel refused to consent that the Northern District of California was the proper venue for the entirety of Plaintiff's claims because certain of the claims have nothing to do with California. Defendants, however, agreed that legally a stay would not impact the statute of limitations. Defendants' counsel further noted that it was Defendants who asserted exclusive federal court jurisdiction and, although they could not confer jurisdiction, Defendants could not credibly challenge federal court subject matter jurisdiction for issues requiring resolution of patent law. [Ord

Decl., ¶ 14.] Plaintiff's counsel then reiterated that what Plaintiff really wanted to know was how Defendants intended to respond to the federal action and this prevented Plaintiff from agreeing to a stay. [Ord Decl., ¶ 14.]

Defendants have now answered the Complaint, and Plaintiff has achieved its goal of learning how Defendants will defend the federal court action, removing Plaintiff's last objection to a stay. [(Courts Order; Response/Answer) Dkt. Nos. 25-26.] Consequently, there is no reason to continue litigating both this action and the state court appeal simultaneously. Plaintiff has no reason not to stipulate to a stay now, or alternatively, no reason to object to this Motion.

## III. THE FEDERAL COURT ACTION SHOULD BE STAYED UNDER THE *COLORADO RIVER* DOCTRINE

### A. The Legal Standard

The *Colorado River* doctrine allows a federal court to stay a federal action in deference to a state court proceeding if the state and federal actions are substantially similar. *Colorado River*, 424 U.S. at 818. The *Colorado River* Doctrine should be applied based on "principles" of " [wise] judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation." *Id.* (quoting *Kerotest Mfg. Co. v. C-O-Two Fire Equipment Co.*, 342 U.S. 180, 183 (1952)); *Nakash v. Marciano*, 882 F.2d 1411, 1416 (9th Cir. 1989). In determining whether a stay should issue, the federal court considers and balances the following factors: (1) which court first assumed jurisdiction over the *res* in dispute; (2) the relative convenience of the forums; (3) the need to avoid piecemeal litigation; (4) the order in which the federal and state actions were filed; (5) whether state or federal law controls; (6) whether the state proceeding is adequate to protect the parties' rights; and (7) whether the federal action is an attempt to forum shop or avoid adverse rulings by the state court. *Colorado River*, 424 U.S. at 818; *Moses Cone*, 460 U.S. at 25-26; *Nakash,* 882 F.2d at 1415-17. "These factors are to be applied in a pragmatic and flexible way, as a part of a balancing process rather than as a 'mechanical checklist.'" *American Int'l Underwriters (Philippines) Inc. v. The Continental Ins. Co.*, 843 F.2d 1253, 1257 (9th Cir. 1988). These factors are not exclusive, not all of the factors may apply, and additional factors may also be considered. *Nakash,*

882 F.2d at 1416.[1]

### B. Plaintiff's Federal and State Actions are Substantially Similar

The *Colorado River* Doctrine applies where concurrently pending federal and state actions are "substantially similar," but "[e]xact parallelism is not required." *Nakash*, 882 F.2d at 1416; *Attwood v. Mendocino Coast Dist. Hosp.*, 886 F.2d 241, 243 (9th Cir. 1989). Even though it is not required that the federal and state actions have identical parties or claims, (*Fireman's Fund Ins. Co. v. Garamendi,* 790 F. Supp. 938, 964 (N.D. Cal. 1992) ("[T]he Ninth Circuit has loosened the requirement that the suits pending in state and federal court involve exactly the same parties or the same claims.")), Plaintiff's state court action against Defendants is based on the same claims now asserted against Defendants in this action. [Dkt. No. 1 (Federal Complaint) and Dkt. Nos. 20-2 and 20-4 (State First and Second Amended Complaints, respectively).]

### C. The *Colorado River* Doctrine Factors Favor A Stay of A Federal Action In Deference to State Court Proceedings

#### 1. The Factor "Prevention of Forum Shopping And/Or Avoidance of Adverse Rulings By The State Court" Favors A Stay

Defendants do not dispute that Plaintiff could file the federal court action as a "back up" to attempt to preserve the statute of limitations during the pendency of the state court appeal, but Plaintiff may not litigate the same claims simultaneously in both the federal and state court actions. This invites Plaintiff to avoid the adverse state court dismissal by forum shopping. Forum shopping "occurs when a party attempts to have his action tried in a particular court or jurisdiction where he feels he will receive the most favorable judgment or verdict." *Black's Law Dictionary* 452 (6th ed. 1991). Plaintiff apparently sees a tactical advantage in prosecuting the federal court action while it simultaneously appeals the dismissal of the state court action. Plaintiff is attempting to keep its options open to see if it prefers the federal court. If so, Plaintiff may later dismiss the state court appeal, or if Plaintiff does not like the way the federal court action is progressing, Plaintiff may

[1] Although a district court invoking the *Colorado River* doctrine may either dismiss or stay the case (*see Moses Cone*, 460 U.S. at 28), a stay is generally favored. *Attwood v. Mendocino Coast Dist. Hosp.*, 886 F.2d 241, 243 (9th Cir. 1989). Defendants request dismissal of the action, or in the alternative, a stay pending the outcome of the state court appeal.

prosecute the appeal to its conclusion in the hope that it can revive the state court action.

Plaintiff's decision to prosecute the federal court action, rather than staying it pending the outcome of the state court appeal leaves Plaintiff with the on-going option to dismiss one of the two actions. Presumably, Plaintiff would only make the choice to dismiss one of the actions if Plaintiff if Plaintiff believes it can get a better result in the other court, making any litigation in the dismissed action a waste of time, except perhaps for the cold comfort to Defendants of possible collateral estoppel or judicial admission defenses. Ultimately, if Plaintiff prevails on the state court appeal, Plaintiff will have to dismiss one of the two actions. Either way, Defendants will have incurred great time and expense to respond to the state court appeal only to find that Plaintiff then prefers to litigate in the federal court. The situation provides Plaintiff with unfair advantages while saddling Defendants with prejudicial double burdens and creating inequitable legal and procedural traps. This forum shopping is unfair and prejudicial to Defendants.

*Colorado River* helps combat forum-shopping by providing a mechanism for avoiding duplicative litigation. *Attwood,* 886 F.2d at 245. The aversion to forum shopping between pending state and federal actions is explicit. "As a general matter, we do not encourage forum-shopping, nor do we view the encouragement of forum-shopping as consistent with the principles of 'wise judicial administration' which underlie *Colorado River*." *Id.*

Plaintiff is not just testing the waters of two different forums at the same time, but is also using the federal action to gain tactical advantages from the application of federal court rules. *See American Int'l Underwriters*, 843 F.2d at 1259 (finding forum or rule shopping based on abandonment of state forum to take advantage of Federal Rules of Evidence). As but one example, Plaintiff's counsel has repeatedly stated that Plaintiff wants to get started with discovery. [Ord Decl., ¶ 15.] In federal court, Plaintiff is entitled to more open discovery and disclosures, including identification of witnesses and documents under Federal Rule of Civil Procedure 26(a) without a formal discovery request. Plaintiff could use the Federal Rules of Civil Procedure to obtain this "free" discovery, which is otherwise unavailable during pendency of the state court appeal, then abandon this action upon a successful outcome of the appeal. Certainly, litigation in federal court

would not prevent Plaintiff from later seeking duplicative and burdensome discovery in the state court action. Additionally, as explained above, Plaintiff could test out its theories based on this Court's patent law expertise and undisputed subject matter jurisdiction during the pendency of the state court appeal, then dismiss this action and return to state court, obtaining a tactical litigation advantage.

### 2. The Factor "Avoidance of Piecemeal Litigation" Favors A Stay

It bears repeating that Defendants do not object to the filing of the "back up" federal court action pending the outcome of the state court appeal, but Defendants do object to being forced to litigate two identical actions simultaneously. This objection is consistent with the need to avoid piecemeal litigation under the *Colorado River* doctrine. "Piecemeal litigation occurs when different tribunals consider the same issue, thereby duplicating efforts and possibly reaching different results." *American Int'l Underwriters*, 843 F.2d at 1258 (staying case based on piecemeal litigation and other factors); *Fierle v. Jorge Perez, Md., Ltd.*, 2009 U.S. App. LEXIS 23771, * 2-3 (9th Cir. 2009) (staying case based on piecemeal litigation and other factors). Absent a stay, both this Court and the state court may proceed with the same claims by the same Plaintiff against the same Defendants, creating an obvious potential for inconsistent orders and a substantial waste of judicial resources. *Ryder Truck Rental, Inc. v. Acton Foodservices Corp.* 554 F.Supp. 277, 280 (C.D. Cal. 1983) ("Abstention may be appropriate when duplicative litigation in state courts creates a risk of tension between state and federal courts, or where exercising federal jurisdiction would result in uneconomical or vexatious litigation.") This also creates an unfair trap for Defendants, who may be required to assert their defenses and litigate their case differently in two different courts based on different rules, case law, and judicial orders.

Absent a stay, should Plaintiff prevail in its state court appeal and revive its state court action, Plaintiff will actually be litigating both actions on the merits simultaneously, creating inconsistent orders and possibly inconsistent judgments. For example, the state court might determine that there are no issues of patent law while the federal court finds that patent law must necessarily be considered. The resulting prejudice to Defendants and the unnecessary consumption of time and

judicial resources to litigate the identical action in two separate actions favors a stay. Absent a stay, the ultimate result will be unnecessary piecemeal litigation of the same claims, which is a significant factor in favor of a stay under the *Colorado River* Doctrine. *See e.g., Travelers Casualty and Surety Co. of America. v. Comerica Bank*, 2008 U.S. Dist. LEXIS 54306 at *22 (E.D. Cal.) (granting stay to avoid piecemeal litigation, among other *Colorado River* factors).

**3. The Factor "Relative Convenience Of The Forums" Favors A Stay**

The factor of relative convenience of the state and federal forums also favors a stay. This factor holds that a stay may not be appropriate if the stay requires plaintiff to litigate in a less convenient forum. Here the locales of the state and federal forums are essentially identical—within blocks of each other in San Francisco. Regardless of whether Plaintiff ultimately proceeds with the federal action or the state action, Plaintiff will be litigating in San Francisco. San Francisco is apparently a convenient location because Plaintiff voluntarily initiated the same action in both federal and state court in San Francisco. *Harrison*, 2009 U.S. Dist. LEXIS 100049 at * 19 ("The state forum is clearly convenient, as Harrison has voluntarily initiated three lawsuits there."). However, as the entire issue of Plaintiff's state court appeal is whether Plaintiff's claims are subject to exclusive federal jurisdiction, deference should be given to Plaintiff's choice of forum by staying this action pending the outcome of the state court appeal. *Ryder Truck*, 554 F.Supp. at 280 (stating plaintiff should be bound to its choice of selected forum absent compelling reasons to seek relief in another forum.) This is particularly true here where the federal action is just a "back up" action.

**4. The Factor "Order In Which The Actions Were Filed" Favors A Stay**

The factor of the order in which the two actions were filed also favors a stay. Plaintiff filed the state court action on January 9, 2009. Plaintiff did not file the "back up" federal court action until December 21, 2009, after the state court action was dismissed. Plaintiff obviously prefers the state court forum, so the order in which the actions were filed favors a stay in deference to Plaintiff's choice of forum. "Having elected state court, plaintiff should be bound by his choice absent compelling reasons to seek relief in another forum. Because this is a 'repetitive' rather than 'reactive' lawsuit, the fact that state court jurisdiction was invoked first weighs heavily towards

justifying a stay or dismissal of a parallel federal action." *Ryder Truck*, 554 F.Supp. at 280.

The *Colorado River* Doctrine also considers how much progress has been made in one action verses the other. *Moses Cone*, 460 U.S. at 16, 20. There has been no litigation in this action except for Defendants' Motion To Change Time and the filing of Defendants' Response/Answer to the Complaint. This responsive pleading will not put this action ahead of the state court action, which was pending for seven months and involved two amendments to the complaint and two demurrers before dismissal. [Dkt. 20-1 (State Court Docket).] On balance, the state court action has progressed further than the federal court action, weighing in favor of a stay. *See Fierle*, 2009 U.S. App. LEXIS 23771 at *3.

**5. The Factor "Question of Whether The State Action Adequately Protects The Parties' Rights" Favors A Stay**

The factor of whether the state action adequately protects the parties' rights involves an analysis of the *state* court's adequacy to protect *federal* rights, not the federal court's adequacy to protect state rights. *See e.g., Moses Cone,* 460 U.S. at 26. This factor favors a stay because Plaintiff's continuing preference for the state court shows Plaintiff at least believes the state court can adequately protect its rights. *See Ryder Truck*, 554 F.Supp. at 280. To the extent the state appellate court has not yet ruled on jurisdiction, this action should be stayed pending confirmation that Plaintiff may or should proceed in federal court.

**6. The Factor "Whether State Or Federal Law Controls" Favors A Stay**

The factor of whether state or federal law controls weighs in favor of a stay because this is part of the question pending in the state court appeal. *See e.g., Moses Cone*, 460 U.S. at 26. Plaintiff's three causes of action are all state law claims, but each of those claims involves issues of patent infringement. Defendants obtained a dismissal of the state court action on the ground that the state court lacked subject matter jurisdiction of claims that necessarily require the resolution of issues of federal patent law. *See e.g. Christianson v. Colt Indus. Operating Corp.,* 486 U.S. 800, 808-809 (1988). [Dkt. Nos. 20-3 and 20-5 (Orders Sustaining Demurrers), and 20-7 (Notice of Appeal).] Plaintiff contends that the state court has jurisdiction because the claims do not require resolution of patent law. Should this action proceed without deference to the state appellate court, this Court

would essentially preempt the state court by rendering its ultimate decision irrelevant. *See e.g., Harrison,* 2009 U.S. Dist. LEXIS 100049 at * 16 (granting stay under the *Colorado River* doctrine and the related *Younger* doctrine partially because the federal action "infringe[d]" on the state's right to review the state appeal decision). Proceeding with this action also allows Plaintiff to unfairly proceed with the same action in two different courts. On balance, this factor weighs in favor of a stay because Plaintiff will not be harmed if this Court stays this "back up" federal court action until the state appellate court can decide the issue, but Defendants will be harmed if the Court does not.

#### 7. The Factor "Question of Which Court First Assumed Jurisdiction Over The *Res*" Is Inapplicable

The question of "which court first assumed jurisdiction over the *res* in dispute" is not applicable because both the state and federal court actions seek monetary damages for alleged professional negligence. "[M]oney . . . is not the sort of tangible physical property referred to in *Colorado River*," so there is no issue of jurisdiction over a *res* here. *See American Int'l Underwriters*, 843 F.2d at 1258. The Court need not consider an inapplicable *Colorado River* factor. *Nakash,* 882 F.2d at 1416.

## IV. <u>THE FEDERAL ACTION MAY BE STAYED UNDER THE *YOUNGER* DOCTRINE</u>

To the extent Plaintiff contends there is an important state interest in prosecuting its state court appeal which should not be abridged by the federal court, the *Younger* Doctrine may also apply to stay the federal action. The *Younger* doctrine allows for a stay of a federal action if similar state court proceedings are (1) ongoing, (2) implicate important state interests, and (3) provide the plaintiff an adequate opportunity to litigate federal claims. *Younger,* 401 U.S. at 53-56 (citing "policy considerations," the Supreme Court noted that federal courts must not interfere with pending state actions except in "extremely limited" circumstances where there is a "threat of irreparable injury 'both great and immediate'" (e.g., the state statute is "patently and flagrantly unconstitutional on its face."); *see also Hirsh v. Justices of Supreme Court of State of Cal.,* 67 F.3d 708, 712 (9th Cir. 1995) (following the *Younger* Doctrine). Although the *Younger* Doctrine originated in criminal cases, it now extends to civil cases. *See e.g., Pennzoil Co. v. Texaco, Inc.,* 481 U.S. 1, 12-14 (1987) (vacating

a federal court civil injunction under *Younger* Doctrine); *see also Gilbertson v. Albright,* 381 F.3d 965, 968 (9th Cir. 2004) (reversing dismissal of civil action for consideration of *Younger* Doctrine factors).

To the extent Plaintiff wishes to pursue its state court appeal simultaneously with this federal court action based on a claim that prosecution of the appeal without interference of the federal court is an important state interest, the *Younger* Doctrine may apply to stay the federal court action. *See Pennzoil,* 481 U.S. at 14, n.12 ( "the State's interest in protecting the authority of the judicial system, so that its orders and judgments are not rendered nugatory" may be a sufficiently important state interest to justify the *Younger* Doctrine.) Litigation of the federal action presumes that Plaintiff will be unsuccessful in its chosen state court forum, which may infringe on the "state judicial system's right to review and enforce its own judgments." *Harrison*, 2009 U.S. Dist. LEXIS 100049 at * 16. Under the *Younger* Doctrine factors, (1) Plaintiff's state court appeal is ongoing. [Dkt. Nos. 20-7 and 20-8 (Notices of Appeal)]; (2) Plaintiff apparently contends the state appellate proceedings implicate important state interests, and (3) if Plaintiff prevails in its state court appeal, Plaintiff may presumably litigate its claims in state court. Thus, a stay may also be appropriate under the *Younger* Doctrine.

## V. PLAINTIFF'S POSITION ON THE STAY IS NOT TENABLE

Defendants met and conferred extensively with Plaintiff in an effort to obtain a stipulation to stay this federal court action pending the outcome of the state court appeal. [Ord Decl., ¶ 11-15.] Plaintiff raised four primary objections to a stay: it wanted an answer on file; it wanted assurances that a stipulation for a stay would not impact the statute of limitations; it wanted to protect itself from Defendants contending the federal court didn't have jurisdiction over federal patent law claims; and it wanted Defendants to stipulate that the federal court in San Francisco was the proper venue for all of its claims. All of Plaintiff's concerns, except venue (which has nothing to do with whether or not a stay should be issued), have been eliminated by Defendants. Nevertheless, Plaintiff still refuses stipulate to a stay because Plaintiff simply wants to hedge its bets by prosecuting both actions at once. [Ord Decl., ¶ 11-15.]

### A. Plaintiff's Fear A Stay Would Impact The Statute of Limitations Is Unwarranted

Among the grounds for refusal to stipulate to a stay, Plaintiff's counsel contends that agreement to a stay might create a statute of limitations defense for Defendants or could operate as a dismissal. [Ord Decl. ¶ 12; Dkt. Nos. 23-24 (Opposition To Motion to Change Time and Supporting Declaration).] This concern is legally incorrect. "*[U]nlike a dismissal, a stay avoids the risk that the federal plaintiff will be time-barred from reinstating the federal suit* . . . [and] in this way, a stay will effectively conserve court resources while *avoiding premature rejection of the litigants' access* . . . to a federal forum." *Attwood,* 886 F.2d at 244 (ordering district court to stay federal action pending completion of state proceedings) (emphasis added). Accordingly, "a stay ensures that the federal court will meet its 'unflagging duty' to exercise its jurisdiction, *see Colorado River*, 424 U.S. at 817, in case the state proceedings do not reach the expected resolution," (*id.*,) and "[a] stay also makes it unnecessary to predict how the course of the state proceeding will interact with the federal dismissal to affect the statue of limitations in federal court." *Id.* The requested stay is not a dismissal and would not create a new statute of limitations defense should Plaintiff lose its state appeal. *See e.g., Coopers & Lybrand v. Sun-Diamond Growers of CA*, 912 F.2d 1135, 1138 (9th Cir. Cal. 1990) ("*Attwood* stands for the proposition that district courts must stay, rather than dismiss, an action when they determine that they should defer to the state court proceedings under *Colorado River*."). As Defendants' counsel informed Plaintiff during meet and confer discussions, a stay does not create a new statute of limitations defense, and to argue otherwise is contrary to the law. *See Travelers Casualty and Surety Co. of America v. Comerica Bank*, 2008 U.S. Dist. LEXIS 54306 at *11 (E.D. Cal. 2008) ("[U]nlike a dismissal, a stay avoids the risk that the federal plaintiff will be time-barred from reinstating the federal suit. In this way a stay will effectively conserve court resources while avoiding premature rejection of the litigants' access . . . to a federal forum.") [Ord Decl., ¶ 14.]

### B. Plaintiff's Fear That Defendants Will Later Deny Federal Court Jurisdiction Is Unwarranted

Plaintiff also contends that it cannot risk a stay because, should Plaintiff lose the state court appeal, Defendants might then contend there is no federal court jurisdiction, leaving Plaintiff with no

state court action and no federal court action. [Ord Decl., ¶ 12.] The basis for Defendants' successful demurrers in the state court action was lack of subject matter jurisdiction for claims that necessarily require the resolution of patent law. Defendants, having argued for exclusive federal jurisdiction on claims that necessarily require the resolution of patent law, can not credibly challenge federal court jurisdiction for those claims. Further, the state court agreed that Plaintiff could attempt to state a claim (which Plaintiff contends exists) that does not require the resolution of patent law, but Plaintiff chose not to assert such a separate state law claim. [Dkt. No. 5 (Order Sustaining Demurrer).] Instead, Plaintiff declined to file a Third Amended Complaint and the state court entered Judgment in favor of Defendants, dismissing Plaintiff's claims with prejudice. [Dkt. No. 6 (Judgment and Dismissal with Prejudice).] Plaintiff's concern does not create a reason to deny a stay. [Ord Decl., ¶ 14.]

### C. <u>Plaintiff Wants To Proceed In Both Actions Simultaneously</u>

Having eliminated Plaintiff's two major fears concerning the stay, Plaintiff's only remaining objection is that Plaintiff simply *wants* to proceed with both actions simultaneously. To justify this litigation strategy, Plaintiff improperly relies on *Donovan v. City of Dallas* (1976) 377 U.S. 408 and *Fowler v. Ross* (1983) 142 Cal. App. 3d 472. [Ord Decl., ¶ 13.] Both *Donovan* and *Fowler* support the general rule that when the federal and state courts have *concurrent jurisdiction,* each may proceed independently. As a result, neither case supports Plaintiff's position because Plaintiff improperly assumes concurrent jurisdiction of the state and federal courts. Plaintiff already lost this argument in the state court, which dismissed the state court action on the ground of lack of subject matter jurisdiction. [Dkt. No. 20-6 (Judgment and Dismissal with Prejudice).] Although Plaintiff is appealing that decision, the appellate court has not yet ruled. Unless Plaintiff prevails in its appeal, there is no concurrent jurisdiction for claims requiring the resolution of issues of patent law and Plaintiff cannot rely on either *Donovan* or *Fowler*. Further, "federal court abstention is the only available method of achieving the goals of judicial economy and consistency when the action duplicates a pending state court proceeding." *Ryder Truck*, 554 F.Supp. at 280 (considering *Donovan*.)

In the end, Plaintiff's opposition to a stay boils down to Plaintiff's desire "to know [Defendants'] response to the Complaint," and "to see what the claims are on the basics of the case . . . . to see what the contentions are on things that must be done first . . . ." [Ord Decl., ¶ 14.] Essentially, Plaintiff wants to flush out Defendants' positions on jurisdiction, venue, affirmative defenses and other matters of concern to Plaintiff so Plaintiff can assess whether to continue with the state court appeal or to focus on litigation in federal court. As Defendants have now filed a responsive pleading, this reason no longer exists. [Dkt. No. 26 (Response/Answer).] As there is no legitimate objection to Defendants' requested stay, this action should now be stayed pending the outcome of Plaintiff's state court appeal.

## VI. CONCLUSION

For the foregoing reasons, Defendants respectfully request this Court to order a stay of those portions of this action over which it has personal jurisdiction of Defendants pending the outcome of the appeal of the state court action.

DATED: April 6, 2010

Respectfully submitted,

NIXON PEABODY LLP

By: /s/ RICHARD D. HOFFMAN
Attorneys for Defendants
MOSES & SINGER, LLP, a New York Limited Partnership; STEPHEN N. WEISS, ESQ., an Individual