JAMES R. ROSEN, ESQ. (State Bar No. 119438)
jrosen@rosensaba.com
ADELA CARRASCO, ESQ. (State Bar No. 139636)
acarrasco@rosensaba.com
**Members of ROSEN ✧ SABA, LLP**
468 North Camden Drive, Third Floor
Beverly Hills, California 90210
Telephone: (310) 285-1727
Facsimile: (310) 285-1728

Attorneys for Plaintiff,
E-PASS TECHNOLOGIES, INC.

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| E-PASS TECHNOLOGIES, INC., a Delaware Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>MOSES & SINGER, LLP, a New York Limited Partnership; STEPHEN N. WEISS, ESQ., an Individual; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. 3:09-cv-05967-EMC<br><br>**PLAINTIFF'S OPPOSITION TO MOTION OF DEFENDANTS MOSES & SINGER, LLP AND STEPHEN N. WEISS, ESQ. TO STAY ACTION PENDING OUTCOME OF STATE COURT APPEAL**<br><br>Assigned to the Honorable Magistrate Judge Edward M. Chen<br><br>Hearing Date: May 19, 2010<br>Hearing Time: 10:30 a.m.<br>Courtroom: C<br><br>Trial Date: None Set<br><br>Complaint filed: December 21, 2009 |

# TABLE OF CONTENTS

I. INTRODUCTION. . . . 1
II. BRIEF FACTUAL STATEMENT. . . . 3
III. THE FEDERAL ACTION SHOULD NOT BE STAYED PENDING OUTCOME OF THE STATE APPEAL UNDER *COLORADO RIVER*. . . . 5
- *A. Standard for Dismissal and/or Stay of Federal Action Where Concurrent Federal and State Actions are Pending.* . . . . 5
- *B. Exceptional Circumstances Requiring Stay Of The Federal Action Do Not Exist Here* . . . . 7
  - 1. The Interests Of Prevention Of Forum Shopping and/or Avoidance of Piecemeal Litigation Will Not Be Met By Granting A Stay . . . . 7
    - a. Plaintiff Is Not Engaging In Forum Shopping; Defendants Forced Plaintiff To File In Federal Court . . . . 7
    - b. Maintenance of the State and Federal Actions Will Not Lead To Piecemeal Litigation . . . . 10
  - 2. A Stay Should Not Be Granted Because State Court Allegedly is A Convenient Forum for Plaintiff . . . . 11
  - 3. The Order in Which the Actions Were Filed Does Not Favor A Stay . . . . 11
  - 4. The State Action, Under the Present Circumstances, Does Not Adequately Protect The Parties' Rights; Therefore, A Stay is Improper. . . . . 12
  - 5. The Factor of Whether State of Federal Law Controls Is Not Determinative of Whether to Grant a Stay . . . . 12

IV. THE YOUNGER DOCTRINE IS INAPPLICABLE. . . . . 13
V. A STAY IS NOT APPROPRIATE BECAUSE IT IS A FUNCTIONAL EQUIVALENT OF A DISMISSAL, CREATING A STATUTE OF LIMITATIONS ARGUMENT FOR DEFENDANTS . . . . 14
VI. CONCLUSION . . . . 15

ROSEN ✧ SABA, LLP
468 North Camden Drive, 3rd Floor
Beverly Hills, California 90210

# TABLE OF AUTHORITIES

**Federal Cases**

*Amerisourcebergen Corp. v. Roden* (9th Cir. 2007)
495 F.3d 1143 . . . . . . . . . . 13

*Colorado River Water Conservation District v. United States* (1976)
424 U.S. 800 . . . . . . . . . . 2, 5-7, 9, 14-15

*Donovan v. City of Dallas* (1964)
377 U.S. 408 . . . . . . . . . . 1, 5-6, 14

*Kelly Investment, Inc. v. Continental Common Corp.* (5th Cir. 2002)
315 F.3d 494 . . . . . . . . . . 3, 8, 11

*McClellan v. Carland* (1910)
217 U.S. 268 . . . . . . . . . . 5, 14

*Middlesex County Ethics Committee v. Garden State Bar Association* (1982)
457 U.S. 2515 . . . . . . . . . . 13

*Moses H. Cone Memorial Hospital v. Mercury Construction Corp.* (1983)
460 U.S. 1 . . . . . . . . . . 1-3, 6-8, 13-15

*Quackenbush v. Allstate Insurance Co.* (1996)
517 U.S. 706 . . . . . . . . . . 6, 9

*Ryder Truck Rental, Inc. v. Acton Foodservices Corporation* (C.D. Cal. 1983)
554 F.Supp. 277 . . . . . . . . . . 11-12

ROSEN ✧ SABA, LLP
468 North Camden Drive, 3rd Floor
Beverly Hills, California 90210

**TO THIS HONORABLE COURT, DEFENDANTS AND THEIR ATTORNEYS OF RECORD:**

Plaintiff E-Pass Technologies, Inc. ("Plaintiff" or "E-Pass") hereby opposes the motion of Defendants Moses & Singer, LLP and Stephen N. Weiss, Esq. (collectively, "Defendants") to stay the instant federal action pending the outcome of Plaintiff's state court appeal.

## I. INTRODUCTION.

Plaintiff is entitled to proceed on its claims against Defendants, Plaintiff's former attorneys, in both the state and federal courts. *See, Donovan v. City of Dallas* (1964) 377 U.S. 408, 412. If Defendants' request is granted, the prosecution and progress of this action will be unfairly delayed, to Plaintiff's prejudice.

There are absolutely no exceptional circumstances herein that require this Court to surrender its jurisdiction over this matter by staying the federal action pending resolution of Plaintiff's state court appeal. *See, Moses H. Cone Memorial Hospital v. Mercury Construction Corp.* (1983) 460 U.S. 1, 25-26 (a stay of a federal action functions as a dismissal of the action and an election by the federal court to divest itself of and/or surrender jurisdiction over the matter).

There are no exceptional circumstances requiring a stay because, among other things, the state court action, in its present procedural posture,[1] is not an adequate vehicle for the complete and prompt resolution of Plaintiff's claims. *Moses*, 460 U.S. at 28 ("When a district court decides to dismiss or stay [based upon parallel state and federal actions], it presumably concludes that the parallel state-court litigation will be an adequate vehicle for the complete and prompt resolution of the issues between the

[1]/ Plaintiff's state action presently consists of an appeal of Defendants' successful efforts to dismiss Plaintiff's state Complaint for lack of subject matter jurisdiction. The state action is not presently being actively litigated. And, depending on the outcome of the appeal, the state action may never be actually litigated.

ROSEN ◊ SABA, LLP
468 North Camden Drive, 3rd Floor
Beverly Hills, California 90210

parties. If there is any substantial doubt as to this, it would be a serious abuse of discretion to grant the stay ....").

Because the state court action presently consists of an appeal only, none of the factors cited by Defendants warrant a stay. There is no probability that simultaneous prosecution of the state and federal actions would result in piecemeal litigation, there is no probability that inconsistent rulings would be made in the two forums, and there is no probability of Defendants suffering any prejudice to their rights should the two actions proceed.

If a stay is granted, Plaintiff would be the only party to suffer irreparable injury. Under *Moses*, Plaintiff may be subject to a statute of limitations defense because issuance of a stay is the functional equivalent of issuance of a dismissal.[2] Discovery will be put off until the state appellate court renders its final decision. Noteworthy, this action involves events that occurred in late 1999, through 2008. If discovery is not permitted to proceed now, memories may fade, etc., all to Plaintiff's detriment. Plaintiff's action will literally flounder for an indeterminate amount of time.

Further, Defendant's Motion is not ripe because the question of whether Plaintiff is entitled to proceed in state court is presently unanswered. This court cannot now adequately address the *Colorado River* factors, cited in Defendants' motion, which are required to determine whether it should now abstain from exercising its jurisdiction over this action. *Colorado River* applies to permit a federal court to surrender its jurisdiction only where a plaintiff is actively litigating two parallel actions; it presumes that the plaintiff will be able to obtain a complete resolution of its claims in state court should the federal court stay or dismiss the federal action. *Moses*, 460 U.S. at 28.

---

[2]/ Defendants executed a Tolling Agreement with Plaintiff, tolling the statute of limitations to the end of December 2009. *See* Declaration of Adela Carrasco in Support of Opposition to Motion for a Stay ("Carrasco Decl."), filed concurrently herewith, at ¶ 2. If the federal action is stayed, and the appeal denied, Defendants can argue that statute of limitations was not tolled by the stay, as it is deemed the equivalent of a dismissal, and move to dismiss the federal action.



ROSEN ✧ SABA, LLP
468 North Camden Drive, 3rd Floor
Beverly Hills, California 90210

This Court cannot make that presumption based upon the circumstances before it. Indeed, Defendants' motion becomes relevant only ***if*** the state appellate court reverses the trial court and finds that the state may decide Plaintiff's claims. Then, Plaintiff may be required to decide whether to proceed in state or federal court. In the meantime, Plaintiff should be allowed to prosecute its claims in federal court, since any decisions by the federal court may be given res judicata or collateral estoppel effect (*Kelly Investment, Inc. v. Continental Common Corp.* (5th Cir. 2002) 315 F.3d 494, 498) and any discovery conducted in the federal action can readily be applied to any potential future state action. Permitting prosecution of the federal action pending the state appellate court's decision is the most efficient use of judicial resources, and serves the interests of justice.

Accordingly, Plaintiff respectfully requests that this court deny Defendants' motion in full.

## II. <u>BRIEF FACTUAL STATEMENT</u>.

This action is brought by E-Pass against its former counsel, Defendants Moses & Singer, LLP and Stephen N. Weiss, for professional negligence, breach of fiduciary duties and negligent misrepresentation. Defendants represented E-Pass in a series of patent litigation actions venued in the United States District Court for the Northern District of California and the United States District Court for the Southern District of Texas.[3] E-Pass alleges that Defendants' conduct fell below the standard of care, and Defendants breached their fiduciary duties to Plaintiff, by, among other things, failing

---

3/ E-Pass was the plaintiff in related civil actions entitled *E-Pass Technologies, Inc. v. 3COM Corporation, et al.*, U.S. District Court for the Northern District of California, Case No. 00-CV-2255 (the "3Com Action"); *E-Pass Technologies, Inc. v. Visa International Service Association, et al.*, U.S. District Court for the Northern District of California, Case No. 03-CV-4747 ( the "Visa Action"); *E-Pass Technologies, Inc. v. PalmOne, et al.*, U.S. District Court for the Northern District of California, Case No. 04-CV-0528 (the "PalmOne Action"), as well as *E-Pass Technologies, Inc. v. Microsoft Corporation, et al.*, U.S. District Court for the Southern District of Texas, Case No. Civ A.H. 02 0439 (the "Microsoft Action") (collectively, the "Underlying Actions").



ROSEN ❖ SABA, LLP
468 North Camden Drive, 3rd Floor
Beverly Hills, California 90210

to disclose to E-Pass that no legitimate foundational evidence existed to support E-Pass' claims for patent infringement against the underlying defendants, and by failing to advise E-Pass to discontinue the Underlying Actions, and/or negligently misrepresenting to E-Pass that legitimate foundational evidence existed. As a result of Defendants' actions, summary judgment was entered against E-Pass, on the ground that Defendants had failed to present any evidence of actual infringement. E-Pass was thereafter found liable for the attorneys' fees and costs of the underlying defendants in the approximate amount of $2.3 million.

Defendants further breached their fiduciary duties to Plaintiff by, among other things, advising Plaintiff to forego licensing opportunities for its patent, including a million dollar licensing agreement with Microsoft corporation, and instead focus on expensive patent infringement litigation. Defendants' actions have caused E-Pass to be negatively viewed as a "patent troll," thereby damaging E-Pass' ability to effectively market the "311 patent." Defendants further preferred their own financial interests over the interests of Plaintiff by, among other things, appointing Defendant Stephen N. Weiss, Esq. as the treasurer of E-Pass.

On June 26, 2009, Defendants filed their demurrer to Plaintiff's First Amended Complaint ("FAC"), which was filed in the San Francisco Superior Court, and styled as *E-Pass Technologies, Inc v. Moses & Singer, LLP*, et al., Case No. 09484009. Defendants argued that the state court lacked subject matter jurisdiction because Plaintiff's claims raised substantial issues of federal patent law. [Carrasco Decl, ¶3.]

Defendants' demurrer was heard and decided on July 22, 2009, by the Honorable Peter J. Busch. Judge Busch confirmed his tentative ruling granting Defendants' demurrer with leave to amend. (The parties did not contest the trial court's ruling.) On August 3, 2009, Plaintiff filed its Second Amended Complaint ("SAC"), to which Defendants filed a demurrer, expressing the same legal arguments and theories as before. [Carrasco Decl., ¶4.]

///



ROSEN ◇ SABA, LLP
468 North Camden Drive, 3rd Floor
Beverly Hills, California 90210

The trial court sustained Defendants' demurrer, with leave to amend, holding that the "core" of Plaintiff's claims against Defendants involve substantial issues of federal patent law. Plaintiff ultimately decided not to amend its SAC because to do so would require it to waive most of its claims against Defendants. [Carrasco Decl.,¶4.]

On December 2, 2009, Plaintiff filed its Notice of Appeal with respect to the sustaining of Defendants' demurrer. The appeal is styled as *E-Pass Technologies, Inc. v. Moses & Singer, LLP, et al.*, California Court of Appeal, First Appellate District, Case NO. A127067 (consolidated with Case No. A127025). Plaintiff filed its opening brief on April 19, 2010. Defendants' respondents' brief is due on May 20, 2010. [Carrasco Decl., ¶5.]

## III. THE FEDERAL ACTION SHOULD NOT BE STAYED PENDING OUTCOME OF THE STATE APPEAL UNDER *COLORADO RIVER*.

### *A. Standard for Dismissal and/or Stay of Federal Action Where Concurrent Federal and State Actions are Pending.*

Defendants seek a stay of the federal proceedings pending the outcome of the instant federal action. Defendants argue that Plaintiff's concurrent state court proceedings are identical and it essentially would be unfair and a waste of judicial resources to require Defendants to "litigate" both the state and federal proceedings simultaneously. Defendants cite to *Colorado River Water Conservation District v. United States* (1976) 424 U.S. 800 in support of their contention. However, *Colorado River* reveals that Plaintiff is entitled to maintain both actions.

"Generally, as between state and federal courts, the rule is that 'the pendency of an action in the state court is ***no bar*** to proceedings concerning the same matter in the Federal court having jurisdiction . . ..'" *Colorado River*, 424 U.S. at 817, *citing*, *McClellan v. Carland* (1910) 217 U.S. 268, 282 (emphasis added) and *Donovan v. City*

ROSEN ◇ SABA, LLP
468 North Camden Drive, 3rd Floor
Beverly Hills, California 90210

*of Dallas* (1964) 377 U.S. 408, 412.[4] However, in the interest of "wise judicial administration, giving regard to conservation of judicial resources," federal courts *may* stay a federal action where a concurrent state action dealing with substantially the same issues is also pending. *Colorado River*, 424 U.S. at 815.

The discretion to stay proceedings under *Colorado River* must be applied sparingly. Federal courts have a "virtually unflagging obligation" to exercise federal jurisdiction conferred upon it. Thus, stay of a state action is appropriate only under "exceptional circumstances." *Colorado River*, 424 U.S. at 813; *Quackenbush v. Allstate Insurance Co.* (1996) 517 U.S. 706, 716. Indeed, the decision to abstain or postpone exercising of jurisdiction rests on a "careful balancing" of factors as they apply to a given case, "with the balance ***heavily weighted in favor of exercising jurisdiction***." *Moses, supra,* 460 U.S. at 16 (emphasis added). "Only the clearest of justifications will warrant dismissal" or stay of the action. *Colorado River*, 424 U.S. at 819.

The decision to stay or dismiss a federal action under the *Colorado River* is such a crucial decision that it must be supported by exceptional circumstances. As the United States Supreme Court has held: "When a district court decides to dismiss or stay under *Colorado River*, it presumably concludes that the parallel ***state-court litigation will be an adequate vehicle for the complete and prompt resolution of the issues*** between the parties. If there is ***any substantial doubt*** as to this, it would be a ***serious abuse of discretion*** to grant the stay or dismissal at all. [Citations.] Thus, the decision to invoke *Colorado River* necessarily contemplates that the federal court will have nothing further

---

[4]/ Interestingly, during the parties earlier meet and confer process, Plaintiff cited to the *Donovan* case in support of its contention that it is entitled to proceed with both the state and federal actions. Defendants attempted to distinguish *Donovan* in their instant motion on the ground that *Donovan* involves issues of concurrent state and federal jurisdiction, therefore, its holding is inapplicable. [Motion, 15: 15-18.]

Defendants' position on the *Donovan* case is a curious one given that *Donovan* is cited by *Colorado River,* the primary case upon which Defendants rely, for the very proposition relied upon by Plaintiff. Moreover, *Colorado River* involved the application of the abstention doctrine in cases of concurrent state and federal jurisdiction. Thus, Defendants' attempted distinction of *Donovan*, would lead to the conclusion that *Colorado River* would also not apply here and would not support Defendants' claim for a stay.



ROSEN ◇ SABA, LLP
468 North Camden Drive, 3rd Floor
Beverly Hills, California 90210

to do in resolving any substantive part of the case, whether it stays or dismisses. [Citation.]" *Moses*, *supra*, 460 U.S. at 28 (emphases added).

Some of the factors listed by *Colorado River* to consider in determining whether to exercise federal jurisdiction include: inconvenience of the federal forum, including the concept of forum shopping; the desirability of avoiding piecemeal litigation; the order in which jurisdiction was obtained by the concurrent forums; and the order in which the concurrent forums obtained jurisdiction over the property at issue. (The last factor is not applicable here.) *Colorado River*, 424 U.S. at 818-819. Other factors include whether the state court may adequately protect federal rights and whether state or federal law controls. *See Moses, supra,* 460 U.S. at 26-27.

As shown below, based on the facts of this case, there are no factors or circumstances, exceptional or otherwise, which support a stay of the federal action pending determination of the state appellate action.

***B. Exceptional Circumstances Requiring Stay Of The Federal Action Do Not Exist Here.***

1. <u>The Interests Of Prevention Of Forum Shopping and/or Avoidance of Piecemeal Litigation Will Not Be Met By Granting A Stay</u>.

a. <u>Plaintiff Is Not Engaging In Forum Shopping; Defendants Forced Plaintiff To File In Federal Court</u>.

Defendants argue that the strongest reasons for staying the federal action are prevention of forum shopping and avoidance of piecemeal litigation. [Motion, 1:17-19.] Defendants arguments are unavailing.

Defendants argue that Plaintiff wants the federal action to proceed simultaneously with the state appeal so that Plaintiff can "see if it prefers the federal court." This argument is absolutely devoid of any merit whatsoever. Plaintiff is not forum shopping

ROSEN ◇ SABA, LLP
468 North Camden Drive, 3rd Floor
Beverly Hills, California 90210

by any means.[5] Plaintiff is merely trying to protect its rights and interests by filing its claims in federal court, as ***Defendants successfully asserted federal jurisdiction*** in the state court proceedings. Now, Defendants are attempting to prevent Plaintiff from proceeding in federal court. Defendants' procedural maneuvering is aimed at one thing only – to unfairly gain a tactical advantage over Plaintiff by staying this action in order to manufacture a potential statute of limitations defense. *See Moses H. Cone Memorial Hospital v. Mercury Construction Corp.* (1983) 460 U.S. 1, 27-28 (District Court's grant of stay because of parallel state court litigation "is as much a refusal to exercise federal jurisdiction as a dismissal").[6]

Plaintiff had no other option than to file the instant federal action because of Defendants' tactics in demurring to Plaintiff's Second Amended Complaint, rather than simply removing the action to federal court. Plaintiff is not, as Defendants contend, looking for the jurisdiction where it will get the most favorable verdict. Plaintiff simply desires that to which it is legally entitled – to have its claims heard before a tribunal of competent jurisdiction. For Defendants to claim that Plaintiff is only trying to gain a "tactical advantage" by pursuing its *right* to proceed in both forums (something Plaintiff was *required* to do because of Defendants' game-playing tactics) defies logic and reason and shows the bad faith with which this motion was brought. Indeed, Defendants have failed to identify with any clarity the alleged "tactical advantage" Plaintiff seeks to

---

[5]/ Nor are Defendants' purported concerns over duplicity of state and federal court efforts availing. Even if during these federal court proceedings the California Court of Appeal reverses and allows Plaintiff's court action, any decisions made by the federal court may be deemed conclusive upon the parties pursuant to the doctrines of res judicata and/or collateral estoppel. *Kelly Investment, Inc. v. Continental Common Corp.* (5th Cir. 2002) 315 F.3d 494, 498 (the possibility of inconsistent rulings on the same issues does not support grant of stay because the first rendered judgment will be res judicata in the other proceeding).

[6]/ The *Moses* case, cited to Plaintiff by Defendants during the meet and confer process, sets the ground work for a statute of limitations defense by holding that a stay is the functional equivalent of a dismissal. This is a significant concern to Plaintiff, as Defendants in their Answer have asserted a statute of limitations defense. Certainly, if this motion is granted, Defendants will cite to *Moses* in support of their contention that the statute of limitations has lapsed as a result of the stay.



ROSEN ◇ SABA, LLP
468 North Camden Drive, 3rd Floor
Beverly Hills, California 90210

obtain by initiating an appeal of the state court order sustaining ***Defendants'*** demurrers while proceeding with the federal court action ***Defendants*** forced Plaintiff to file. Defendants fail to identify a tactical advantage, because none exists.

Rather, Defendants complain that the stay must be granted because they allegedly will be required to expend "great time and expense to respond to the state court of appeal." Defendants claim that they will be irreparably damaged if, after expending great time and expense, the appeal is successful and Plaintiff then decides to proceed in federal court. Neither *Colorado River* nor the other cases cited by Defendants provide as a basis for granting a stay of the federal action the time, expense or apparent frustration Defendants will allegedly suffer if a stay is not granted. As the United States Supreme Court has stated over and over agin, federal courts have a "virtually unflagging obligation" to exercise jurisdiction conferred upon them; thus issuance of a stay is permissible only in the most exceptional circumstances. *Colorado River*, 424 U.S. at 813; *Quackenbush, supra*, (1996) 517 U.S. at 716.

Moreover, it is completely disingenuous for Defendants to cry foul about having to respond to an appeal of a discreet issue relating to subject matter jurisdiction in light of the fact that Defendants' tactics are the cause of the pending appeal. If it is any consolation to Defendants, Plaintiff, as the appellant, would have incurred greater expense than Defendants in pursuing the state appeal.

Defendants also argue that Plaintiff is guilty of forum shopping (and therefore a stay is required) because Plaintiff allegedly is "using the federal action to gain tactical advantages from the application of federal court rules." [Motion, 8:18-19.] This assertion borders on the preposterous. Nowhere do Defendants provide any factual evidence in support of their contention that Plaintiff is abusing the federal court rules. Defendants do offer the conclusion that because "Plaintiff wants to get started with discovery" in the federal action, and the federal rules permit early disclosure of evidence, somehow Plaintiff seeks to gain an unknown and unfair tactical advantage. [Motion, 8:21-22.]

///

ROSEN ◊ SABA, LLP
468 North Camden Drive, 3rd Floor
Beverly Hills, California 90210

The mere act of commencing and engaging in discovery cannot and does not provide any concrete evidence that Plaintiff is attempting to gain an advantage. Discovery, whether obtained in the state or federal proceeding, is discovery. Just because the federal rules provide for early disclosure of evidence does not mean that Plaintiff has gained some untoward advantage against Defendants. In fact, Defendants' Initial Disclosures listed documents Defendants have in their possession in the most general of terms. [Carrasco Decl., ¶ 6.] Nor have Defendants, as of the date of this opposition, produced any documents pursuant to Rule 26. [Carrasco Decl., ¶ 6.] What "advantage" Plaintiff can gain from Rule 26 early disclosures is absolutely unclear.

Plaintiff is not engaging in forum shopping by any stretch of the imagination. A stay is not justified by this factor.

b. <u>Maintenance of the State and Federal Actions Will Not Lead To Piecemeal Litigation</u>.

At the heart of Defendants' request for a stay is the notion that a stay must be granted because the state and federal actions will lead to piecemeal litigation. Nothing can be further from the truth. The appellate court is a reviewing court, not a court of first impression. No discovery, no law and motion can or will be conducted, nor will any order be issued by the appellate court that may adversely effect the progression of the federal action and/or prejudice Defendants. Indeed, he cases cited by Defendants do not involve a state action consisting of an appeal only, and on that basis alone stay or dismissal at this point in time is inappropriate. Whether a stay of the federal action should be granted is an issue that can only be addressed if the state appellate court reverses the trial court and mandates state substantive jurisdiction. Then, and only then, will it be appropriate to determine whether to stay the instant federal action.

In the meantime, the best, most efficient way to insure the orderly progression of this matter is to permit the parties to now conduct discovery and litigate the federal action. It is very important to note that the events that are the subject of Plaintiff's federal action occurred from **1999 through 2008.** [Carrasco Decl., ¶ 8.] Plaintiff has a

ROSEN ◇ SABA, LLP
468 North Camden Drive, 3rd Floor
Beverly Hills, California 90210

very strong interest in prosecuting its Complaint without further delay as witness' memories may fade, documents may be lost, etc. To stay the matter now will only serve to improperly stall the swift administration of justice, to Plaintiff's prejudice and in violation of the interests of justice and judicial economy. Defendants cannot be permitted to gain an advantage over Plaintiff by improperly delaying the swift prosecution of the action.[7]

2. <u>A Stay Should Not Be Granted Because State Court Allegedly is A Convenient Forum for Plaintiff.</u>

Defendant argues that a stay should be granted because Plaintiff is "bound" by its initial choice of forum, i.e. state court. Defendants cite to *Ryder Truck Rental, Inc. v. Acton Foodservices Corporation* (C.D. Cal. 1983) 554 F.Supp. 277, 280 for the proposition that "plaintiff should be bound to its choice of selected forum absent compelling reasons to seek relief in another forum." [Motion, 10:17-19.] Compelling reason does exist for filing in this forum – grant of Defendants' demurrers on the ground that the state court lacks subject matter jurisdiction. A stay cannot be issued on this ground asserted by Defendants.

3. <u>The Order in Which the Actions Were Filed Does Not Favor A Stay.</u>

Again, Defendants ignore the fact that Plaintiff filed in federal court because Defendants' demurrers based upon lack of subject matter jurisdiction were granted. *Ryder*, cited by Defendants, states that where a federal action is "repetitive" rather than "reactive," the court may consider whether the plaintiff filed first in the state forum in

---

7/ It bears repeating that any ruling made in the federal action will likely have res judicata and/or collateral estoppel effect in the state action, should the appellate court reverse the trial court. *See Kelly Investment, Inc. v. Continental Common Corp.* (5th Cir. 2002) 315 F.3d 494, 498.

Moreover, any discovery conducted in the federal action is equally applicable in the state action. As this Court noted at the April 21, 2010 Case Management Conference, discovery taken in the federal action is not "wasted," as it is readily applicable to any state action. If, in the future, Plaintiff seeks in the state action discovery of information already obtained in the federal action, Defendants can move for a protective order or other suitable relief. Defendants are not, as they claim, left like babes in the woods without protection if the federal action is allowed to proceed.

ROSEN ♢ SABA, LLP
468 North Camden Drive, 3rd Floor
Beverly Hills, California 90210

determining whether the dismiss the federal action. [Motion, 10:25-27; 11:1, *citing*, *Ryder*, 554 F.Supp. at 280.] The instant federal action is not merely "repetitive" or "back up," as Defendants disingenuously assert, but was filed in response to Defendants' demurrers.

Nor is there any merit to Defendants' claim that the state court proceedings have progressed beyond the federal court proceedings. In the state court action, the *only* events that occurred were the hearing on Defendants' two demurrers. Defendants never answered the state complaint, never engaged in discovery, never did anything except successfully force Plaintiff to file in federal court. Here, on the other hand, Defendants have answered, the parties have engaged in the early stages of discovery, Defendants have engaged in law and motion, and Defendants will soon produce invoices to Plaintiff. The federal action has officially commenced. [Carrasco Decl., ¶¶ 6-7.] The requested stay cannot be granted based upon the progression of the state action.

4. <u>The State Action, Under the Present Circumstances, Does Not Adequately Protect The Parties' Rights; Therefore, a Stay is Improper</u>.

Plaintiff contends in its appeal that the state court has subject matter jurisdiction of the action. However, because the appeal on this issue is pending, it is undetermined whether the state court can or will adequately protect the parties rights. As previously stated, this motion, quite simply, not ripe until such time as the state Court of Appeal renders its decision.

5. <u>The Factor of Whether State of Federal Law Controls Is Not Determinative of Whether to Grant a Stay</u>.

Plaintiff, in its state appellate action, contends that the state court has subject matter jurisdiction over its state law claims because such claims do not raise *substantial* issues of patent litigation. Plaintiffs do not contend, as Defendants coyly state, that Plaintiff's claims do not involve *any* issues of patent litigation. [Motion, 11:27-28.] This is a key difference, because whether this case is tried in state or federal court, federal patent law will, to some degree, be decided by the trial court. Consequently, whether



ROSEN ◇ SABA, LLP
468 North Camden Drive, 3rd Floor
Beverly Hills, California 90210

state or federal law controls is not determinative of whether a stay should be granted.

Moreover, because the state action may raise some federal patent law issues, retention of federal jurisdiction (i.e., no stay of federal action) is almost always warranted. *See*, *Moses*, 460 U.S. at 26 ("in some rare circumstances the presence of state law issues may weigh in favor of ... surrender of [federal jurisdiction] ..., the presence of federal-law issues must always be a major consideration weighing against surrender of [federal jurisdiction].")

As made clear above, there are no circumstances, exceptional or otherwise, that require that this matter be stayed pending the outcome of the state appeal. Indeed, to stay the federal action now will only serve to improperly delay the orderly progression of this matter. Defendants' motion must be denied.

## IV. THE YOUNGER DOCTRINE IS INAPPLICABLE.

The *Younger* Doctrine provides that a federal action may be stayed if a similar state action: (1) was pending at the time that the federal action was filed; (2) implicates an important state interest; and (3) provides the parties with adequate opportunity to raise federal claims. *Middlesex County Ethics Committee v. Garden State Bar Association* (1982) 457 U.S. 2515, 2520-2521. *Each* of these factors must be present to support abstention. *Amerisourcebergen Corp. v. Roden* (9th Cir. 2007) 495 F.3d 1143, 1148.

Again, because the issue of whether the state court will exercise jurisdiction over Plaintiff's claims is as of yet undetermined, it is unclear whether the state action provides the parties with an adequate opportunity to determine any potential federal issues. Indeed, Plaintiff asserts only state claims which may or may not involve substantial issues of patent law, therefore, it is unclear whether any federal claims will be asserted by any of the parties herein. Accordingly, the *Younger* Doctrine does not apply to the present circumstances. Defendants are not entitled to a stay of the federal action.

///

///

ROSEN ◊ SABA, LLP
468 North Camden Drive, 3rd Floor
Beverly Hills, California 90210

## V. A STAY IS NOT APPROPRIATE BECAUSE IT IS A FUNCTIONAL EQUIVALENT OF A DISMISSAL, CREATING A STATUTE OF LIMITATIONS ARGUMENT FOR DEFENDANTS.

Defendants are simply wrong in stating that Plaintiff will not agree to a stay because it wanted to extract various concessions from Defendants. Plaintiff opposes this motion and refuses to grant a stay because it is entitled to maintain both actions concurrently (*Colorado River*, 424 U.S. at 817; *McClellan v. Carland* (1910) 217 U.S. 268, 282; *Donovan v. City of Dallas* (1964) 377 U.S. 408, 412), there are no exceptional circumstances to warrant a stay, and, most importantly, a stay of this action functions as a dismissal of the action and an election by the federal court to divest itself of and/or surrender jurisdiction over the matter. *Moses*, 460 U.S. at 25-26.

The *Moses* case has made it crystal clear that a stay essentially divests the federal court of jurisdiction of the matter, thereby paving the way for a statute of limitations defense:

> "We have no occasion in this case to decide whether a dismissal or a stay should ordinarily be the preferred course of action when a district court properly finds that *Colorado River* counsels in favor of deferring to a parallel state-court suit. We can say, however, that a stay is as much a ***refusal to exercise federal jurisdiction as a dismissal***. When a district court decides to dismiss or stay under *Colorado River*, it presumably concludes that the parallel ***state-court litigation will be an adequate vehicle for the complete and prompt resolution of the issues*** between the parties. If there is ***any substantial doubt*** as to this, it would be a ***serious abuse of discretion*** to grant the stay or dismissal at all. [Citations.] Thus, the decision to invoke *Colorado River* necessarily contemplates that the ***federal court will have nothing further to do in resolving any substantive part of the case,*** whether it stays or dismisses. [Citation.]"



ROSEN ✧ SABA, LLP
468 North Camden Drive, 3rd Floor
Beverly Hills, California 90210

*Moses*, 460 U.S. at 28 (emphases added).

It is plain that neither a stay nor a dismissal is called for under *Colorado River* or any applicable case law. If a stay is granted, and dismissal of the state action is affirmed by the appellate court, Plaintiff will be irreparably harmed, as Defendants no doubt will contend, under *Moses*, that Plaintiff's claims are time barred. (Defendants signed a Tolling Agreement giving Plaintiff until the end of December 2009 to file suit.)

There is a real possibility that this Court will be required to resolve the issues raised by Plaintiff's claims. Under *Moses*, then, this court cannot stay or dismiss this action. Plaintiff respectfully requests that this Curt deny Defendants' motion in full.

## VI. CONCLUSION.

Based upon the foregoing, Plaintiff respectfully requests that this Court deny Defendants' motion in full.

DATED: April 28, 2010

ROSEN ✧ SABA, LLP

By: /s
ADELA CARRASCO
Attorneys for Plaintiff
E-PASS TECHNOLOGIES, INC.

ROSEN ✧ SABA, LLP
468 North Camden Drive, 3rd Floor
Beverly Hills, California 90210

# PROOF OF SERVICE

**STATE OF CALIFORNIA** )
) ss
**COUNTY OF LOS ANGELES** )

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is: 468 North Camden Drive, Third Floor, Beverly Hills, California 90210.

On **April 28, 2010,** I served the foregoing document described as: **PLAINTIFF'S OPPOSITION TO MOTION OF DEFENDANTS MOSES & SINGER, LLP AND STEPHEN N. WEISS, ESQ. TO STAY ACTION PENDING OUTCOME OF STATE COURT APPEAL**, on the interested parties in this action as follows:

| | |
|---|---|
| Richard D. Hoffman, Esq.<br>Isabelle L. Ord, Esq.<br>NIXON PEABODY LLP<br>One Embarcadero Center, 18th Floor<br>San Francisco, California 94111-3600 | ATTORNEYS FOR DEFENDANTS MOSES & SINGER, LLP AND STEPHEN N. WEISS, ESQ.<br><br>Telephone: (415) 984-8200<br>Facsimile: (415) 984-8300<br>E-Mail:<br>rhoffman@nixonpeabody.com<br>swells@nixonpeabody.com<br>iord@nixonpeabody.com |

[√] By electronic transmission to all parties at the recipients at the electronic address above by using the Court's CM/ECF electronic filing system.

[√] FEDERAL I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on **April 28, 2010**, at Beverly Hills, California.

/s
Adela Carrasco