1  JAMES R. ROSEN, ESQ. (State Bar No. 119438)
   jrosen@rosensaba.com
2  ADELA CARRASCO, ESQ. (State Bar No. 139636)
   acarrasco@rosensaba.com
3  **Members of ROSEN SABA, LLP**
   468 North Camden Drive, Third Floor
4  Beverly Hills, California  90210
   Telephone:  (310) 285-1727
5  Facsimile:  (310) 285-1728

6  Attorneys for Plaintiff,
   E-PASS TECHNOLOGIES, INC.
7

8              **IN THE UNITED STATES DISTRICT COURT**

9          **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

10                  **SAN FRANCISCO DIVISION**

11

12  E-PASS TECHNOLOGIES, INC., a Delaware      |  Case No.: 3:09-cv-05967-EMC
    Corporation,
13                                                **JOINT STIPULATION AND**
                     Plaintiff,                   **[PROPOSED] ORDER TO SHOW**
14                                                **CAUSE WHY DOCUMENTS**
              vs                                  **SUBJECT TO PROTECTIVE**
15                                                **ORDERS IN UNDERLYING**
    MOSES & SINGER, LLP, a New York Limited       **ACTIONS SHOULD NOT BE**
16  Partnership; STEPHEN N. WEISS, ESQ., an       **SUBJECT TO PRODUCTION IN**
    Individual; and DOES 1 through 50 inclusive,  **THE INSTANT CASE**
17
                     Defendants.                  Assigned to the Honorable Magistrate
18                                                Judge Edward M. Chen

19                                                Date:    12/22/10
                                                  Time:    10:30 a.m.
20                                                Courtroom: C

21                                                Complaint Filed:   December 21, 2009

22

23

24

25

26

27

28

DM1\2403081.2

Plaintiff E-Pass Technologies, Inc. ("E-Pass"), and Defendants Moses & Singer, LLP and Stephen N. Weiss, Esq. (collectively, "Defendants"), hereby submit the following Joint Stipulation relating to the above-captioned action:

WHEREAS, E-Pass was the plaintiff in the related civil actions entitled: (1) *E-Pass Technologies, Inc. v. 3COM Corporation, et al.*, U.S. District Court for the Northern District of California, Case No. 00-CV-2255 (the "3Com Action"); (2) *E-Pass Technologies, Inc. v. Visa International Service Association, et al.*, U.S. District Court for the Northern District of California, Case No. 03-CV-4747 (the "Visa Action"); (3) *E-Pass Technologies, Inc. v. PalmOne, et al.*, U.S. District Court for the Northern District of California, Case No. 04-CV-0528 (the "PalmOne Action"). (The 3Com Action, Visa Action and the PalmOne Action shall be referred to collectively as the "Related Actions");

WHEREAS, E-Pass was also the plaintiff in the unrelated action entitled *E-Pass Technologies, Inc. v. Microsoft Corporation, et al.*, U.S. District Court for the Southern District of Texas Case No. Civ A.H. 02 0439 (the "Microsoft Action"). (The Related Actions and the Microsoft Action shall be referred to collectively as the "Underlying Actions"). E-Pass sued the various defendants in the Underlying Actions for infringement of E- Pass' patent;

WHEREAS, Defendants represented E-Pass in the Underlying Actions;

WHEREAS, during the course of the Underlying Actions, E-Pass and defendants in the Related Actions entered into various Protective Orders relating to the parties' respective confidential business and trade secret documents. Ultimately, On August 16, 2005, the Court entered a single operative Protective Order in the Related Actions whereby the parties agreed that certain documents designated as "Confidential" by the parties would be protected from disclosure subject to the provisions of the Protective Order.  Attached hereto as Exhibit "A" is a true and correct copy of the August 16, 2005 Protective Order;

WHEREAS, on August 2, 2002, E-Pass and the defendants to the Microsoft Action entered into a Protective Order in the Microsoft Action whereby the parties agreed that certain documents designated as "Confidential" by the parties would be protected from

1

disclosure subject to the provisions of the Protective Order.  Attached hereto as Exhibit "B" is a true and correct copy of the August 2, 2002 Protective Order;

WHEREAS, the above-captioned action relates to claims made by E-Pass against Defendants for breach of fiduciary duty, professional liability and misrepresentation. The documents that are subject to the August 16,2005, and August 2, 2002, Protective Orders are now relevant to the above-captioned action;

WHEREAS, on October 21, 2010, counsel for defendants in this action sent correspondence to counsel in the Underlying Actions requesting their consent to access in this action documents subject to the Protective Orders in the Underlying Actions; and

WHEREAS, defendants in the Underlying Actions do not agree to allow counsel in the above-captioned action to review the documents subject to the August 16, 2005 and August 2, 2002 Protective Orders.

WHEREFORE E-Pass and Defendants, by and through their counsel of record, hereby stipulate as follows:

1.      Counsel for E-Pass and Defendants in the above-captioned action agree to be bound by the terms of the August 16, 2005 and August 2, 2002 Protective Orders;

2.      To accomplish this goal, each of the defendants in the Underlying Actions should be ordered to appear and show cause why the documents subject to the August 16, 2005 and August 2, 2002 Protective Orders should not be subject to production in the instant case under a Protective Order bearing the same terms and conditions as stated in the August 16, 2005 and August 2, 2002 Protective Orders.


DATED:  November 16, 2010              ROSEN SABA, LLP



                                        By:      /s/ Adela Carrasco
                                              James R. Rosen
                                              Adela Carrasco

                                              Attorneys for Plaintiff
                                              E-PASS TECHNOLOGIES, INC.

2

Dated: November 16, 2010                    **DUANE MORRIS LLP**

                                By:    _____/s/  Robert M. Fineman_____
                                       Richard D. Hoffman
                                       Robert M. Fineman

                                       Attorneys for Defendants
                                       MOSES & SINGER, LLP and
                                       STEPHEN N. WEISS, ESQ.


        Based upon the Joint Stipulation of E-Pass and Defendants in this action and for good

cause showing, **IT IS HEREBY ORDERED THAT**:

        1.      Each of the defendants in the Underlying Actions are ordered to appear

and show cause why the documents subject to the August 16, 2005 and August 2, 2002

Protective Orders should not be subject to production in the instant case under a Protective

Order bearing the same terms and conditions as stated in the August 16, 2005 and August 2,

2002 Protective Orders.

        2       The Order to Show Cause hearing shall be set for _____12/22_____,

2010 at __10:30_ a.m./p.m.

        3.      Defendants in the Underlying Actions shall submit papers in support of

their position no later than _____12/6_____,2010. E-Pass and Defendants

are to submit any responsive documents no later than _____12/13_____,2010.

        4.      Defendants in this action shall serve a copy of this order on defendants
in the underlying actions by 11/22/2010.

DATED: _____11/18_____, 2010          _____

                                        Hon. Magistrate Judge Edward M. Chen

IT IS SO ORDERED AS MODIFIED

Judge Edward M. Chen

3