IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| E-PASS TECHNOLOGIES, INC., <br>        Plaintiff, <br>     v. <br><br> MOSES & SINGER, LLP, et al., <br><br>        Defendants. | Case No. C09-5967 EMC (JSC) <br><br> ORDER RE: SUBPOENA DISCOVERY DISPUTE (Dkt. No. 177) |

      Now pending before the Court is the parties' joint discovery letter regarding Plaintiff's objections to Defendants' subpoena for records from Citibank . (Dkt. No. 177). Defendants served a subpoena issued by a court in the Eastern District of New York on Citibank in Long Island City, New York. (Dkt. No. 177, Ex. A.) Plaintiff officially objected to the subpoena and directed Citibank not to comply absent a court order or stipulation from the parties. (Dkt. No. 177, Ex. B.) The parties were unable to come to an agreement, and Defendants now petition the Court for a decision on the proper scope of the subpoena.

      Defendants frame the dispute as an "objection" by Plaintiff that this Court can resolve such that "Citibank may voluntarily comply with the subpoena." (Dkt. No. 177 at 1.) Plaintiff counters that Defendants are essentially asking the Court "to enforce the New York subpoena it served to a New York corporation." (Id. at 5.) The Court agrees with Plaintiff. Citibank

has refused to comply with the subpoena except to the extent Plaintiff agrees. Defendants are therefore seeking to compel enforcement with the subpoena because they believe Citibank's objections are unfounded (because Plaintiff's objections are unfounded). Federal Rule of Civil Procedure 45 gives the "issuing court" exclusive jurisdiction to compel production. Fed. R. Civ. P. 45(c)(2)(B); S.E.C. v. CMKM Diamonds, Inc., 656 F.3d 829, 831 (9th Cir. 2011). It also gives the "issuing court" exclusive jurisdiction to hold the served non-party in contempt for failure to comply with a subpoena. Fed. R. Civ. P. 45(e).

To the extent the parties' dispute is framed as a request to quash or modify the subpoena as overbroad, Rule 45(c) also provides that the issuing court has exclusive jurisdiction to quash or modify the subpoena. Fed. R. Civ. P. 45(c)(3)(A); CMKM Diamonds, Inc., 656 F.3d at 831(holding that "the issuing court, and not the court where the underlying action is pending, has the authority to consider motions to quash or modify subpoenas).

Defendants are, in effect, asking the Court to issue an advisory opinion on the scope of the subpoena. This Court does not have authority to issue such a decision. Accordingly, Defendants' request that the Court order Plaintiff to withdraw its objections to the subpoena as communicated to Citibank is DENIED.

This Order disposes of Document No. 177.

**IT IS SO ORDERED.**

Dated: July 30, 2012

_____
JACQUELINE SCOTT CORLEY
UNITED STATES MAGISTRATE JUDGE