IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| E-PASS TECHNOLOGIES, INC., | Case No. C09-5967 EMC (JSC) |
| Plaintiff, | |
| v. | **ORDER RE: JOINT DISCOVERY LETTER (Dkt. No. 182)** |
| MOSES & SINGER, LLP, et al., | |
| Defendants. | |

Now pending before the Court is the parties' joint discovery letter regarding Plaintiff's punitive damages discovery. (Dkt. No. 182). Upon further review of the parties' letter and attached exhibits, the Court concludes that the parties have not engaged in a meaningful meet and confer process. Plaintiff's joint statement does not address the arguments raised by Defendants, and although some of its requests are clearly overbroad, Plaintiff has made no offer to narrow its requests. Accordingly, the Court concludes that oral argument is not necessary, see Civ. L.R. 7-1(b), and DENIES Plaintiff's motion to compel without prejudice to renewal if and when the parties are unable to resolve their dispute after engaging in a meaningful meet and confer dialog.

To guide the parties in their negotiations, the Court orders as set forth below.

1. Plaintiff is entitled to discovery of Defendant Moses & Singer's current net worth. "Unless and until a determination that there is no [punitive damages] exposure is made by the trial judge . . ., this Court is not in a position to preclude the possibility of punitive damages." Charles O. Bradley Trust v. Zenith Capital LLC, 2005 WL 1030218 *4 (N.D. Cal. May 3, 2005).

2. Plaintiff is only entitled to documents and interrogatory answers that reflect Defendants' current net worth. See Vieste, LLC v. Hill Redwood Development, 2011 WL 855831 *3 (N.D. Cal. March 9, 2011) (holding that request that sought financial records going back five years was overbroad). Accordingly, Plaintiff may request financial information from January 1, 2011 to the present, although any request related to the transfer of assets by Mr. Weiss may cover the period of this lawsuit. See, e.g., Charles O. Bradley Trust, 2005 WL 1030218 *2 (permitting discovery of financial records going back one year and a half).

3. Plaintiff is not entitled to discovery of financial information related to the wife and minor children of Defendant Stephen Weiss if such assets are not owned by Mr. Weiss.

4. Plaintiff is entitled to discovery of information necessary to allow its expert to evaluate Defendants' net worth; it is not entitled to "any and all documents." See Vieste, LLC, 2011 WL 855831 at *3 (Plaintiff is "entitled to discover only those documents and information necessary to establish Defendants' current financial condition and net worth"). On the other hand, Plaintiff is not required to accept Defendants' verified list of their assets in lieu of any document discovery.

5. Plaintiff is not entitled to discovery of Defendants' estimate of their future net worth or income; such discovery is not reasonably calculated to lead to the discovery of Defendants' current net worth.

6. Plaintiff's assertion that Defendants have waived objections to certain requests by failing to respond is OVERRULED. The parties shall meet and confer in good faith on all punitive-damages related requests which Plaintiff wishes to pursue.

7. In light of the impending case deadlines, by 5:00 p.m. on Wednesday, August 29, 2012, Defendants shall advise Plaintiff in writing of the documents and revised interrogatory responses they intend to produce in light of this Court's ruling. The parties shall thereafter meet and confer *by telephone* regarding Plaintiff's requests and Defendants' offer at the time originally scheduled for hearing this discovery dispute, that is, at 9:00 a.m. on Thursday, August 30, 2012. Counsel participating in the telephone meet and confer must have full authority to negotiate a resolution of this discovery dispute.

8. If following the August 30, 2012 telephone conference a good faith dispute still exists, then the parties shall submit a further joint discovery letter. The letter shall separately address each request at issue and shall set forth each party's position with respect to each request, including identifying precisely what documents or information each Defendant offered to produce and what documents or information Plaintiff contends it requires. The further joint discovery letter shall be filed by 5:00 p.m. on Friday, August 31, 2012.

9. The parties may agree to a different schedule and shall notify the Court by stipulation if they have done so.

This Order disposes of Document No. 182.

**IT IS SO ORDERED.**

Dated:  August 28, 2012

                                              JACQUELINE SCOTT CORLEY
                                              UNITED STATES MAGISTRATE JUDGE